UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LEENON VILCAPE GARATE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-01472-DAD-SCR (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On February 20, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release and an order enjoining respondents from re-detaining him without first providing a pre-detention hearing before a neutral adjudicator where respondents would bear the burden to demonstrate that he is a danger to the community or a flight risk. (Doc. No. 2.) On February 20, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention

1

1  hearing to protect the petitioner's liberty interest in her continued release.  (Doc. No. 4.)

2  On February 20, 2026, respondents filed an opposition to petitioner's motion for
3  temporary restraining order.  (Doc. No. 8.)  Respondents concede therein that there does not
4  appear to be any substantive distinctions between this case and *Ayala Cajina*.  (*Id.* at 1–2.)
5  Respondents also state that they do not oppose converting the motion for temporary restraining
6  order to a motion for preliminary injunction.  (*Id.*)  Moreover, respondents state that they do not
7  oppose resolving the underlying petition for writ of habeas corpus based upon the current briefing
8  before the court.  (*Id.*)

9  In support of his petition for writ of habeas corpus and motion for a temporary restraining
10  order, petitioner presents evidence of the following.

11  Petitioner entered the United States on November 3, 2022, encountered immigration
12  authorities on November 5, 2022, and was released on his own recognizance on November 6,
13  2022.  (Doc. No. 1 at ¶¶ 5–7.)  On February 4, 2026 petitioner was detained by immigration
14  authorities.  (*Id.* at ¶ 1.)

15  Because respondents have conceded that this case is not substantively distinct from the
16  court's prior order in *Ayala Cajina*, the court incorporates and adopts the reasoning set forth in
17  that order and finds that petitioner's continued detention violates due process.

18  For the reasons above,

19  1.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as
20  follows:
21     a.  Respondents are ORDERED to immediately release petitioner from
22         respondents' custody on the same conditions he was subject to immediately
23         prior to his re-detention on February 4, 2026;
24     b.  Respondents are ENJOINED AND RESTRAINED from re-detaining
25         petitioner for any purpose, absent exigent circumstances, without providing
26         petitioner notice and a pre-detention hearing before an immigration judge
27         where respondents will have the burden to demonstrate that petitioner is a
28         danger to the community or a flight risk;

1    2.   Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby
2         DENIED as having been rendered moot in light of this order; and
3    3.   The Clerk of the Court is directed to ENTER judgment in favor of petitioner and
4         to close this case.

IT IS SO ORDERED.

Dated:   **February 24, 2026**              _Dale A. Drozd_
                                            DALE A. DROZD
                                            UNITED STATES DISTRICT JUDGE